IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEONARD BROOKS, | ) |
| | ) C.A. No. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) TRIAL BY JURY OF TWELVE |
| WATERMARK RETIREMENT | ) DEMANDED |
| COMMUNITIES, INC., d/b/a ROCKLAND | ) |
| PLACE, WATERMARK OPERATOR, | ) |
| LLC, d/b/a ROCKLAND PLACE, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Leonard Brooks ("Plaintiff") brings this action under the Americans with Disabilities Act ("ADA") against his former employer Rockland Place ("Defendant") for violations of his rights guaranteed under federal law when a chronic medical condition required long-term treatment. Defendant displayed a callous lack of regard for Plaintiff's rights under the ADA. Under a doctor's orders, Plaintiff requested 1-hour of leave per week for his treatment. Rather than engage in a meaningful dialogue about the accommodation, or otherwise recognizing the protections guaranteed to Plaintiff for this activity, Defendant forced him to take a dramatic cut in hours when reasonable accommodations existed and were afforded to others similarly situated.

## JURISDICTION AND VENUE

1. Complaint is brought pursuant to ADA 42 U.S.C. §1211(a) (2012).

2. This Court has subject matter jurisdiction over all federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court because all relevant conduct occurred in the State of Delaware, and, upon information and belief, Defendant is subject to the jurisdiction of this Court by virtue of its location within this District.

## THE PARTIES

4. Plaintiff, Leonard Brooks, is an African-American male citizen of the United States and a current resident of Delaware.

5. Defendant Rockland Place (Watermark Retirement Communities, Inc.) is a retirement community with its principal place of business located at 1519 Rockland Road, Wilmington, DE 19803.

6. The acts set forth in this Complaint were authorized, ordered, condoned, ratified and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

## ADMINISTRATIVE PROCEEDINGS

7. Plaintiff timely filed a Charge of Discrimination alleging violations of the Americans with Disabilities Act to the Equal Opportunity Commission ("EEOC") on March 21, 2019.

8. Defendant refused to participate in mediation or conciliation and the EEOC issued its right to sue letter on May 19, 2021. This timely Complaint followed.

## FACTS

9. Plaintiff began his employment with Defendant in on August 28, 2018 as Head Chef at $15.00 per hour plus benefits.

10. Plaintiff's work schedule was full-time. He worked regular shifts from 6:00 a.m. to 2:30 p.m., Monday through Friday, and alternating weekends.

11. On October 18, 2018, Plaintiff was involved in a motor vehicle accident on his way home from work. The collision was not work-related and thus was not covered under Delaware's Workman's Compensation Act, 19 Del. C. § 2301 et seq.

12. Following the collision, Plaintiff sought medical treatment near his home town of Philadelphia, PA. Plaintiff's doctor prescribed a course of physical therapy.

13. Plaintiff underwent physical therapy three times a week with Dr. Zita at Careworks in Philadelphia, PA. The office schedule required him to leave work one hour early on Fridays.

14. This request was made to Plaintiff immediate supervisor, Frank (last name unknown, hereinafter "Frank") and was initially approved.

15. Shortly after, Plaintiff was removed from the schedule entirely.

16. When Plaintiff inquired as to the reason for his removal from the schedule, Frank told him that they "did not want to interfere with your medical stuff."

17. In so doing, Frank failed to engage in a meaningful dialogue about what, if any accommodations would be reasonable and necessary for Plaintiff to continue working.

18. Defendant unilaterally decided that Plaintiff's work in the kitchen would be hampered by his recent disability.

19. Plaintiff did not request to be taken off the schedule due to his physical inability to work his job.  Rather, Plaintiff sought to engage in the necessary physical therapy treatment to maintain his mobility following his back injury.  Plaintiff was met with Frank's reply "We don't want to interfere with your medical stuff."

20. Defendant returned Plaintiff on the schedule but only allowed him to work two days per week.  Plaintiff was scheduled for approximately 14 hours per week from October 2018 through February 2019.

21. This dramatic change in Plaintiff's work schedule amounted to an adverse employment action.

22. Plaintiff sought and was granted partial unemployment benefits through the Delaware Department of Labor during this time.

23. Plaintiff went through his auto insurance for coverage of his medical bills as a result of the car accident.

24. The insurance company provided a form for Plaintiff to have signed by his employer in order to get repaid for missed time from work.

25. Plaintiff asked Frank and Frank's boss, Sam (last name unknown; hereinafter "Sam") to sign the paper.  Both refused to fill out the form.

26. Plaintiff  treated with physical therapy for nine months, during which time his scheduled remained at two shifts per week, despite medical clearance to work fulltime, until he was laid off in February 2019.

27. At the time Plaintiff was terminated, Defendant's explanation was that there had been an operational decision to "lay off all part-time employees."  In fact, Plaintiff was Defendant's only part-time employee.

28. By reason of defendant's discrimination and retaliation, Plaintiff has suffered and will continue to suffer financial harm, including loss of income and other employment benefits, loss of professional opportunities, embarrassment and humiliation.

29. Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, mental anguish, loss of enjoyment of life and other non-pecuniary losses as a direct and proximate result of defendant's discrimination, harassment and retaliation.

30. Defendant acted and failed to act willfully, maliciously, intentionally and with reckless disregard for Plaintiff's rights.

**COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT UNDER TITLE 42 U.S.C. §1211(a) (2012) - DISCRIMINATION**

31. All preceding paragraphs are fully incorporated herein.

32. At all relevant times, Plaintiff was a disabled person within the meaning of the ADA.

33. Plaintiff was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by his employer.

34. Plaintiff suffered an adverse employment action as a result of discrimination.

35. Defendant failed to make reasonable accommodations and failed to demonstrate that making such accommodation would impose undue hardship on the operation of the business.

36. As a result of Defendant's unlawful and discriminatory conduct, Plaintiff suffered damages, including loss of compensation, diminished pay, loss of future earnings, pain, suffering, inconvenience, mental anguish, loss of enjoyment in life, and demands

compensatory damages, back pay, front pay, attorney's fees, costs, all other appropriate forms of legal and equitable relief.

## COUNT II: ADA RETALIATION

37. All preceding paragraphs are fully incorporated herein.

38. Defendant's actions constitute retaliation under ADA.

39. Plaintiff was a qualified individual who was denied the benefits of employment on the basis of his disability. Plaintiff's request to leave 1-hour earlier on Fridays in order to treat with his medical provider was met with denial and subsequently, he was terminated because of his request for medical leave.

40. As a result of Defendant's unlawful and discriminatory conduct, Plaintiff suffered damages, including loss of compensation, diminished pay, loss of future earnings, pain, suffering, inconvenience, mental anguish, loss of enjoyment in life, and demands compensatory damages, back pay, front pay, attorney's fees, costs, all other appropriate forms of legal and equitable relief.

**WHEREFORE**, Plaintiff prays this Honorable Court will grant him relief in the form of these specific requests and any other such legal and equitable relief this Court deems appropriate and just.

Kate Butler ID No. 6017
Kate Butler Law LLC
1509 Gilpin Avenue, Suite No. 3
Wilmington DE 19806
302-966-9994 tel
302-651-7960 fax
kate@katebutlerlaw.com
*Attorney for Plaintiff*